```
BENJAMIN B. WAGNER
United States Attorney
R. STEVEN LAPHAM
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2724
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>        v.<br><br>GLORIA GIANNINI,<br><br>             Defendant. | CR. NO. S-07-018 EJG<br><br>ORDER DENYING<br>MOTION TO DISMISS INDICTMENT<br>ON DOUBLE JEOPARDY GROUNDS |

This matter came on regularly for hearing on April 23, 2010, on defendant's motion to dismiss the indictment on double jeopardy grounds. Assistant U.S. Attorney R. Steven Lapham appeared on behalf of the United States. Krista Hart appeared on behalf of the defendant, who was personally present.

Having considered the briefs filed by both parties and all other pleadings filed in the case, and good cause appearing therefor, the motion is hereby DENIED.

The court finds that by entering a plea of guilty to wire fraud in this case the defendant waived any double jeopardy claim arising out of her prior admission to a violation of supervised release in the Northern District of California.  See United States v. Broce,

109 S.Ct. 757 (1989). The court also finds that, in the context of this case, defendant's double jeopardy claim is neither factually nor legally applicable. United States v. Soto-Olivas, 44 F.3d 788 (9th Cir. 1995); United States v. Carlton, 534 F.3d 97 (2nd Cir. 2008).

With respect to the defendant's remaining contention, that the government's filing of the instant case is a breach of the plea agreement entered in connection with the supervised release violation in the Northern District, the court finds that the word "investigation," as used by the prosecutor in reciting the terms of the Northern District agreement, is not ambiguous, and therefore there is no occasion to resort to extrinsic evidence to determine what the parties reasonably understood to be the terms of the agreement. See United States v. Clark, 218 F.3d 1092 (9th Cir. 2000). That said, even if the court were to find that the word "investigation" is ambiguous, the court finds that the extrinsic evidence unambiguously shows that the fraud for which the defendant was indicted in this district was not reasonably encompassed in the Northern District investigation and that the defendant's interpretation of the word "investigation" to include the $4 million fraud charged in this case is "patently unreasonable and without support in the language of the agreement or the expressed intentions of the parties." Id. at 1096-97.

Additional reasons supporting the court's conclusions are contained in the transcript attached hereto.

DATED: May 10, 2010

       /s/ Edward J. Garcia
       HON. EDWARD J. GARCIA
       Senior United States District Judge