1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:07-cr-0018 WBS DAD P

12                Respondent,

13        v.

14   GLORIA GIANNINI,                        FINDINGS AND RECOMMENDATIONS

15                Movant.

16

17        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or

18   correct her sentence pursuant to 28 U.S.C. § 2255.[1]  In 2010, following her entry of a guilty plea,

19   movant was convicted of one count of wire fraud in violation of 18 U.S.C. § 1343.  She now

20   seeks post-conviction relief on the grounds that her trial and appellate counsel rendered

21   ineffective assistance.  Upon careful consideration of the record and the applicable law, the

22   undersigned recommends that movant's § 2255 motion be denied.

23   **I. Background**

24        In January, 1994, movant pled guilty to bank fraud charges in the United States District

25   Court for the Northern District of Texas.  (Movant's Opening Brief on Appeal (hereinafter AOB),

26   2010 WL 6834305, at *5.)  After serving the term of imprisonment imposed as a result of that

27   ─────────────────

28   [1]  This motion was assigned, for statistical purposes, the following civil case number: No. 2:13-
     cv-1266 WBS DAD P.

                                              1

1    conviction, movant was released and began serving a term of supervised release.  (Id.; ECF No.

2    111 at 7.)  Supervision was later transferred to the Northern District of California.  (ECF No. 111

3    at 7.)

4           In 2002, movant was charged in the United States District Court for the Northern District

5    of California with eighteen separate violations of the terms of her supervised release.  (AOB at 5;

6    ECF No. 111 at 7.)  On January 10, 2005, movant admitted one of the charged violations.  (AOB

7    at 5.)  At the admission hearing, the prosecutor stated the terms of the parties' agreement on the

8    record and represented that the government would not "pursue any other charges arising out of

9    the investigation that led to the filing of the supervised release petition."  (Id.; see also ECF No.

10   105 at 17.)  Movant was then sentenced to an additional 21 months in prison for violating the

11   terms of her supervised released.  (AOB at 5.)  Movant  served that additional time and was

12   released from confinement on May 10, 2006.  (Id.)

13          In January of 2007, movant was arrested on fraud charges brought against her in the

14   Eastern District of California.  (AOB at 5; ECF No. 105 at 17.)  That indictment alleged that

15   petitioner devised a scheme to defraud a Robert L. Andes in connection with a purported

16   investment deal.  (ECF No. 105 at 17; AOB at 7.)  The indictment charged forty counts of wire

17   fraud in violation of 18 U.S.C. § 1343 and a scheme spanning the time period from December of

18   2001 to at least August 2006.  (Id.)  When she was arrested, movant told FBI agents that the

19   allegations contained in the Eastern District indictment had been resolved in connection with the

20   supervised release violation proceedings in the Northern District of California, described above.

21   (ECF No. 105 at 17, 50.)

22          After first being represented by an assistant federal defender in the Eastern District,

23   movant eventually obtained representation by appointed panel attorney Joseph J. Wiseman.

24   Movant also told attorney Wiseman that the charges contained in the Eastern District indictment

25   had been resolved in the Northern District case.  (ECF No. 105 at 17, 74; AOB at 7.)  In response

26   and at movant's request, attorney Wiseman examined the violation petition filed in the Northern

27   District case.  (ECF No. 105 at 75.)  He concluded that the proceedings in the Northern District

28   "would have no impact on the government's ability to bring charges against [movant] here in [the

1    Eastern District]."  (Id. at 78.)  His opinion in this regard was based on:  (1) his experience that it

2    was "very difficult" for a prosecutor in one district to "bind a district that's not part of the

3    proceedings;" (2) the fact that the allegations of the Eastern District indictment concerned events

4    that occurred after the events alleged in the Northern District matter; and (3) his opinion that the

5    supervised release violations alleged in the Northern District matter were "more . . . of a routine

6    procedural or technical violation of her terms of supervised release," as opposed the "substantive

7    crime" that movant was charged with in the Eastern District indictment.  (Id. at 76-77.)  Attorney

8    Wiseman considered filing a motion to dismiss the Eastern District indictment on the grounds that

9    it was precluded by the supervised release violation proceedings in the Northern District but

10   concluded that such a motion would not succeed.  (Id. at 79.)

11        Movant subsequently discharged panel attorney Wiseman as her counsel of record and

12   retained attorney David Silber to represent her in the Eastern District prosecution.  (AOB at 7.)

13   Attorney Silber was aware that movant had expressed her belief that the new Eastern District

14   charges had been resolved by the as part of the supervised release violation proceedings in the

15   Northern District.  (ECF No. 105 at 109.)  Attorney Silber asked attorney Wiseman about the

16   impact of the Northern District supervised release violation resolution on the Eastern District

17   charges.  (ECF No. 105 at 81.)  Attorney Wiseman informed attorney Silber that "the resolution

18   of [movant's] Northern District problems had nothing to do with the present case in the Eastern

19   District."  (Id.)  Attorney Silber investigated the matter further by making telephone calls to

20   movant's probation officer, but he was not able to speak with the probation officer during the

21   time he represented movant.  (Id. at 109.)  Attorney Silber formed the opinion that the supervised

22   release violations alleged in the Northern District were not the same as the new wire fraud

23   charges alleged in the Eastern District indictment.  (Id. at 109, 112-13.)  Silber informed movant

24   that he did not believe it to be viable to move to dismiss the new indictment on the grounds that

25   those charges had been resolved in the Northern District supervised release violation proceedings.

26   (Id. at 115.)  Attorney Silber's opinion in this regard was based on his conversations with attorney

27   Wiseman and the Assistant U.S. Attorney prosecuting the Eastern District case.  (Id.)

28   /////

3

1    On August 29, 2008, movant pled guilty to Count 1 of the Eastern District indictment, in

2  which she was charged with a violation of 18 U.S.C. § 1343 (wire fraud) in connection with a

3  scheme to defraud Robert Andes.  (ECF No. 42.)  On January 23, 2009, the district court granted

4  attorney Silber's motion to withdraw as counsel of record for movant and appointed panel

5  attorney Krista Hart to represent movant.  (ECF No. 47.)  On May 7, 2009, movant, proceeding

6  through her newly appointed counsel, filed a motion to withdraw her guilty plea.  (ECF No. 59.)

7  Therein, movant alleged that her guilty plea was invalid because her previous retained counsel

8  Silber had "failed to adequately investigate the case" and therefore gave her the erroneous advice

9  that the proceedings in the Northern District of California did not preclude the filing of the

10  charges set forth in the Eastern District of California indictment.  (Id. at 1.)  Citing the decision in

11  Strickland v. Washington, 466 U.S. 668 (1984), movant argued that attorney Silber had rendered

12  ineffective assistance of counsel in advising her whether to plead guilty to the new charges that

13  had been brought against her.  Id. at 4-7.)  After an evidentiary hearing, at which both attorneys

14  Wiseman and Silber testified, the trial court denied movant's motion to withdraw her guilty plea.

15  (ECF No. 87.)

16    Following the denial of her motion to withdraw her guilty plea, movant filed a motion to

17  dismiss the indictment on the ground that the new charges filed in the Eastern District of

18  California violated the Double Jeopardy Clause and constituted a breach of her agreement entered

19  into in the Northern District of California when she admitted that she had violated the conditions

20  of her earlier supervised release term.  (ECF No. 81.)  Movant argued that her prosecution in the

21  Eastern District of California was barred as a result of her previously entered admission of the

22  supervised release violation in the Northern District of California.  (Id.)  The trial judge denied

23  movant's motion to dismiss, concluding that:  (1) movant had waived her double jeopardy claim

24  by pleading guilty to the wire fraud charge in this court; (2) the Double Jeopardy Clause did not

25  apply because the charges to which movant pled guilty in the Eastern District were not resolved

26  by her admission of a supervised release violation in the Northern District matter; and (3) the

27  bringing of the indictment in the Eastern District did not constitute a breach of the agreement

28  movant entered into in the Northern District supervised release violation matter.  (ECF No. 90,

92.)

On May 26, 2010, movant was sentenced to the custody of the United States Bureau of Prisons for a total term of imprisonment of 105 months.  (ECF No. 97.)  Thereafter, movant filed a timely appeal of her judgment of conviction.  (ECF No. 94.)  She characterized one of the issues she presented in her opening brief on appeal as follows:  "Whether Ms. Giannini received ineffective assistance of counsel when counsel failed to conduct an adequate investigation and thus advised her to plead guilty based on incorrect and incomplete information."  (AOB at 8.) Movant argued on appeal that "based on the ineffective assistance of counsel, the plea should have been withdrawn."  (Id.)  She also claimed, among other things, that the trial court erred when it denied her motion to withdraw her guilty plea.  (Id. at 12.)  The Ninth Circuit Court of Appeals construed these arguments as claims that the trial court had erred in denying movant's motions to withdraw her guilty plea and to dismiss the indictment.  United States v. Giannini, 441 Fed. Appx. 500, 501 (9th Cir. July 5, 2011).  That court  rejected movant's arguments, as so construed, reasoning as follows:

> Although "[a] district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any fair and just reason," United States v. Signori, 844 F.2d 635, 637 (9th Cir. 1988), a district court can also consider whether withdrawal of that plea would result in prejudice to the government, see United States v. Vasquez–Velasco, 471 F.2d 294, 294 (9th Cir. 1973).  Because one of the government's key witnesses had died,[2] granting Giannini's request to withdraw her plea would have resulted in prejudice to the government.  Accordingly, the district court did not abuse its discretion when it denied her motion to withdraw her plea. Finally, the district court did not err in finding that Giannini's earlier plea agreement's reference to the previous "investigation" unambiguously limited additional prosecution only for the specific crimes at issue in that case.  See United States v. Clark, 218 F.3d 1092, 1096 (9th Cir. 2000).  The 2005 plea agreement did not immunize Giannini for the fraud in which she was engaged. Moreover, as the district court found, "the fraud for which the defendant was indicted . . . was not reasonably encompassed in the Northern District investigation" and "includ[ing] the $4 million fraud charged in this case is 'patently unreasonable'" (quoting Clark, 218 F.3d at 1096–97).  The district court did not err in subsequently concluding that the present indictment was not barred by the earlier plea agreement.

---

[2]  The undersigned notes that the sole victim of movant's wire fraud scheme, Mr. Andes, passed away in April of 2009.

Id. at 501-02.  The Ninth Circuit did not directly address on appeal movant's argument that her trial counsel in this case rendered ineffective assistance in connection with her guilty plea.

## II.  Applicable Law

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.")  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  Davis, 417 U.S. at 346.  See also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  See also United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Withers, 638 F.3d at 1062; McMullen, 98 F.3d at 1159.  Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing.

1 | United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

2 | **III. Movant's Claims**

3 |     **A. Description of Movant's Claims**

4 |        In her first ground for relief, movant claims that her trial counsel violated her Fifth

5 | Amendment right to due process and her Sixth Amendment right to the effective assistance of

6 | counsel by advising her to plead guilty without conducting sufficient investigation into the facts

7 | of her case.  (ECF No. 105 at 4.)  Specifically, she argues that:

> Trial counsel failed to investigate a legal defense, they failed to obtain a transcript of the oral plea agreement in the Northern District of California.  Counsel justified this failure by convincing themselves the plea agreement in the Northern District could not legally bind the government in the Eastern District.  The Ninth Circuit Court of Appeals ignored this issue, it departed from the accepted and usual course of judicial proceedings.

> The charges at issue in this case were addressed and resolved as part of the plea agreement in the Northern District of California. Because of this, the government in the Eastern District of California was precluded from prosecuting Ms. Giannini for conduct which was addressed in the plea agreement in the Northern District. Neither appointed counsel nor subsequent retained counsel obtained the transcript of the oral plea agreement from the Northern District of California.  Therefore, neither counsel was able to accurately and competently advise Ms. Giannini to plead guilty.

(Id. at 19-20.)

       Movant notes that "in the Ninth Circuit Court of Appeals, [she] argued that she was denied her constitutional right to the effective assistance of counsel when neither appointed counsel nor retained counsel investigated the terms of the plea agreement in the Northern District."  (Id. at 21.)  She argues that the Ninth Circuit failed to address this issue in its decision affirming her judgment of conviction on appeal.  (Id.)  Movant contends that the "Ninth Circuit's failure to address the constitutional claim so far departed from the accepted and usual course of judicial proceedings, this Court should exercise its supervisory power to address the constitutional claim."  (Id. at 22.)

       Movant also explains that in the brief submitted in opposition to her petition for writ of certiorari, respondent argued that the Ninth Circuit "did not address petitioner's Sixth Amendment claim because petitioner did not advance it."  (Id. at 19.)  In her second ground for

1  relief here movant argues that, if respondent's position that she did not raise this issue on appeal

2  is correct, then her appellate counsel rendered ineffective assistance as well in failing to raise her

3  ineffective assistance of trial counsel claim on appeal.  (Id. at 5.)  She also argues, "if the

4  government should assert or if this Court should find that the issue in Ground One is defaulted

5  because it could have, but was not raised on direct appeal, then appellate counsel was ineffective

6  for failing to raise it."  (Id. at 32.)

7         **B.  Law Applicable to Claims of Ineffective Assistance of Counsel**

8        The clearly established federal law governing ineffective assistance of counsel claims is

9  that set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  To

10  succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was

11  deficient and that (2) the "deficient performance prejudiced the defense."  Id. at 687.  Counsel is

12  constitutionally deficient if his or her representation "fell below an objective standard of

13  reasonableness" such that it was outside "the range of competence demanded of attorneys in

14  criminal cases."  Id. at 687–88 (internal quotation marks omitted).  "Counsel's errors must be 'so

15  serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"  Harrington v.

16  Richter, ___U.S.___, ___, 131 S. Ct. 770, 787-88 (2011) (quoting Strickland, 466 U.S. at 687).

17        A reviewing court is required to make every effort "to eliminate the distorting effects of

18  hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

19  conduct from counsel's perspective at the time."  Strickland, 466 U.S. at 669.  See also Richter,

20  131 S. Ct. at 789 (same).  Reviewing courts must "indulge a strong presumption that counsel's

21  conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S.

22  at 689.  There is in addition a strong presumption that counsel "exercised acceptable professional

23  judgment in all significant decisions made."  Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990)

24  (citing Strickland, 466 U.S. at 689).  This presumption of reasonableness means that the court

25  must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the

26  range of possible reasons [defense] counsel may have had for proceeding as they did."  Cullen v.

27  Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1407 (2011) (internal quotation marks and alterations

28  omitted).

1        The Strickland standard also applies to claims of ineffective assistance involving

2   counsel's advice during the plea bargain process.  Missouri v. Frye, ___ U.S. ___, 132 S. Ct.

3   1399 (2012); Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376 (2012); Padilla v. Kentucky, 559

4   U.S. 356 (2009); Hill v. Lockhart, 474 U.S. 52, 58 (1985); Nunes v. Mueller, 350 F.3d 1045,

5   1052 (9th Cir. 2003).  "A defendant has the right to make a reasonably informed decision whether

6   to accept a plea offer."  Turner v.  Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (citations

7   omitted).  Trial counsel must give the defendant sufficient information regarding a plea offer to

8   enable her to make an intelligent decision.  Id. at 881.  "[W]here the issue is whether to advise the

9   client to plead or not 'the attorney has the duty to advise the defendant of the available options

10  and possible consequences' and failure to do so constitutes ineffective assistance of counsel."

11  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Beckham v. Wainwright,

12  639 F.2d 262, 267 (5th Cir. 1981)).  The relevant question is not whether "counsel's advice [was]

13  right or wrong, but . . . whether that advice was within the range of competence demanded of

14  attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970) (holding that all

15  defendants facing felony charges are entitled to the effective assistance of competent counsel).  A

16  criminal defendant may attack the voluntary and intelligent character of his/her plea by showing

17  that he/she received incompetent advice from counsel in connection with the plea.  Tollett v.

18  Henderson, 411 U.S. 258, 267 (1973) (a defendant who pleads guilty upon the advice of counsel

19  "may only attack the voluntary and intelligent character of the guilty plea by showing that the

20  advice he received from counsel was not within the standards set forth in McMann"); Mitchell v.

21  Superior Court for City of Santa Clara, 632 F.2d 767, 769-70 (9th Cir. 1980).

22       Prejudice is found where "there is a reasonable probability that, but for counsel's

23  unprofessional errors, the result of the proceeding would have been different."  Strickland, 466

24  U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the

25  outcome."  Id.  In order to show prejudice in cases where a defendant claims that ineffective

26  assistance of trial counsel led the defendant to accept a plea offer instead of proceeding to trial, a

27  defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not

28  have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.

9

1    **C. Analysis**

2        As explained above, on appeal movant argued, among other things, that her trial counsel

3    rendered ineffective assistance by advising her to plead guilty to the wire fraud charge in this

4    district without conducting an adequate investigation into whether her agreement in the Northern

5    District of California by which she admitted a supervised release violation precluded the

6    indictment subsequently filed against her in the Eastern District of California.  That is the same

7    claim she raises in Ground One of the instant motion.  Of course, issues disposed of on a previous

8    direct appeal are not reviewable in a subsequent § 2255 proceeding.  Odom v. United States, 455

9    F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been

10   decided adversely on appeal from a conviction, it cannot be litigated again on a [§] 2255

11   motion."); United States v. Scrivner, 189 F.3d 825, 828 (9th Cir.1999) ("In this case, Scrivner's

12   Fifth Amendment claim was presented to [the Ninth Circuit] on direct appeal in Scrivner I and

13   rejected on the merits.  That decision is binding on our resolution of the case."); United States v.

14   Redd, 759 F.2d 699, 701 (9th Cir. 1985) (same).

15       Here, the Ninth Circuit Court of Appeals rejected movant's arguments on the basis that

16   the district court did not abuse its discretion in denying her motion to withdraw her guilty plea in

17   this case because to do so would have resulted in undue prejudice to the government in light of

18   the intervening death of Mr. Andes, its key witness.  It is true that the Ninth Circuit did not

19   specifically address movant's argument that her trial counsel provided her ineffective assistance

20   in connection with her guilty plea.  However, the fact that the claims raised by movant on appeal

21   were stated and disposed of by the Court of Appeals in different terms than those articulated by

22   movant "is of no significance."  United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979)

23   (movant's claim was not reviewable by way of a § 2255 motion because it had been raised on

24   appeal, even though appellate court phrased the claim in different terms than the manner in which

25   it was presented on appeal) (citing Sanders v. United States, 373 U.S. 1, 16 (1963)).  See also

26   Frisbee v. United States, No. 07-00533 HG-BMK, 2008 WL 2355704 (D. Hawaii June 9, 2008)

27   (same).  What is significant is that movant had a full opportunity to, and did, raise her claims of

28   ineffective assistance of counsel on direct appeal and that she received a ruling rejecting her

10

1  challenge to her judgment of conviction.  See Withrow v. Williams, 507 U.S. 680, 721 (1993)

2  ("Thus, a prior opportunity for full and fair litigation is normally dispositive of a federal

3  prisoner's habeas claim" and if the claim was raised on direct review, "the habeas court will not

4  readjudicate it absent countervailing equitable considerations.").  Because movant received a

5  ruling by the Ninth Circuit on her appeal in which she argued that her counsel provided

6  ineffective assistance, her claim of ineffective assistance of trial counsel is barred in this § 2255

7  motion.[3]

8          In any event, movant's claim of ineffective assistance of trial counsel also fails on the

9  merits.  As set forth above, the Ninth Circuit concluded that movant's plea agreement with

10  respect to her supervised release violation in the Northern District of California did not preclude

11  her indictment in the Eastern District of California.  Giannini, 441 Fed. Appx. at 501-02.  Clearly

12  this issue may not be re-litigated in the context of a §2255 motion.  See Odom, 455 F.2d at 160;

13  Redd, 759 F.2d at 700-01.  In light of that fact, trial counsels' advice to movant did not constitute

14  deficient performance.

15          Nor can movant demonstrate prejudice with respect to her ineffective assistance claim.

16  Because movant's trial counsel correctly advised her that a motion to dismiss the indictment on

17  the basis that the Eastern District indictment was precluded by the Northern District plea

18  agreement would fail, she cannot show a reasonable probability that, but for counsel's alleged

19  failure to investigate, she would not have pleaded guilty and would have insisted on going to trial.

20  Hill, 474 U.S. at 59.  In short, movant would have received the same advice from her various

21  lawyers even if they had conducted a more thorough investigation into the potential impact of the

22  Northern District plea agreement.

23          Movant's second claim for federal habeas relief on the grounds that she received

24  ineffective assistance from her appellate counsel is also unavailing.  The government does not

---

25  [3]  Movant's attempt to cast the issue posed by her pending §2255 motion as whether she was
26  provided ineffective assistance of counsel when she was advised to enter a plea of guilty to wire
    fraud in this case is unavailing.  At bottom, her claim continues to be that her prosecution in this
27  court was barred be her earlier supervised release violation resolution.  That contention was
    squarely addressed and rejected by the Ninth Circuit on appeal.  Accordingly, no amount of
28  defense investigation or motions practice focused on that issue would have made any difference.

1   assert, and this court has not found, that movant failed to raise her claim of ineffective assistance

2   of trial counsel on direct appeal.  Further, as set forth above, movant concedes that on appeal she

3   raised the argument that "she was denied her constitutional right to the effective assistance of

4   counsel when neither appointed counsel nor retained counsel investigated the terms of the plea

5   agreement in the Northern District."  (ECF No. 105 at 21.)  Accordingly, movant's argument that

6   her appellate counsel rendered ineffective assistance in failing to raise this issue on appeal lacks a

7   factual basis and should be rejected.

8   **IV.  Conclusion**

9           Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that movant's

10  motion pursuant to 28 U.S.C. § 2255 be denied.

11          These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within fourteen days after service of the objections.  Failure to file

17  objections within the specified time may waive the right to appeal the District Court's order.

18  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

19  1991).  In her objections movant may address whether a certificate of appealability should issue

20  in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

21  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

22  enters a final order adverse to the applicant).

23  Dated:  June 18, 2014

24

25                                                    Dale A. Drozd
                                                      _____
26  DAD:8:                                            DALE A. DROZD
    Giannini18.2255                                   UNITED STATES MAGISTRATE JUDGE

27

28

                                                    12